TUCKER, Judge.
In a late case, I had occasion to say, that the writ was part of the record for the purpose of amending by, if necessary: and I think that this is one of the cases where the declaration may be amended by the writ; and, consequently, that $500 dollars are to be considered as the damages demanded by the plaintiff.
But the jury have gone beyond that sum, and the plaintiff, instead of releasing the excess, as he might have done at any time during the term, has obtained judgment for the whole. This, I conceive to be an incurable error; for it is a known rule of law, that, in an action sounding merely in damages, a plaintiff cannot recover more damages than he demands, although he may less, 2 Burr. 906; 2 Wash. 212: and, according to the judgment of this court, a few days past, in Field’s ex’ors v. Freeland & Lenox, (ante, 12,) the verdict cannot now be amended, nor the judgment corrected in the district court, the term being past.
The question seems to be, What course ought the district court to have pursued if the excess had been discovered, and the plaintiff had refused to release that excess. In my judgment, they could not have pared down the verdict to the measure of damages in the declaration, without the plaintiff’s *1091 consent: neither could they have given judgment for more than the plaintiff himself demanded. Eor it has been decided, in this court, that the district court is bound to look into the whole record, before they proceed to give j udgment: *and if there be any effect or variance in the record, that they must, ex officio, take notice of it, whether pointed out to them by the parties or not. Baird v. Mattox, 1 Call, 269, 270, 273, 275. Now, here is a variance between the damages demanded and those in the verdict, the latter being double the former. Consequently, the court could not render judgment according to the verdict; for that would contradict the writ and declaration. On the other hand, if judgment were rendered according to the writ, and not according to the verdict, here would be a fatal variance between the verdict and judgment. For the judgment must pursue the verdict, unless the plaintiff voluntarily release the excess; and then, the variance being in the defendant’s favour, he cannot take advantage of it.
But, whatever difficulty I might feel in the case as a judge of the district court, for the reasons I have stated, I have no hesitation in saying that the court erred in rendering judgment for damages beyond those claimed by the plaintiff. And since this court must now pronounce some judgment as a future direction to the district court, and it being now too late, I apprehend, for the plaintiff to release the surplus, either in this court, or in the district court, we must, of necessity, award a new trial. Whatever may be the event, the plaintiff can have no ground of complaint, since he might have laid his damages to the full amount of his own estimate, if he had released the surplus before the judgment was rendered upon the verdict, as he might have done at any time during the term.
ROANE, Judge.
I cannot, for a moment, doubt that the district court would, on motion, have been authorized to permit the plaintiff to amend his declaration at the trial, by inserting the damages contained in the writ: nor that, notwithstanding such amendment was not actually made, the effect of the statute of jeofails is, to consider it as made, by overlooking the defect. This point, I understand to have been entirely decided in the case of Stephens v. White, 2 Wash. *203, although the junior judge said, that he doubted whether a particular member of the clause of the statute in question extended to this case, he explicitly gave his opinion that other members of the same clause did; and the other judges concurred in opinion with him. This I infer, not only from what is said by them in the printed report of the case; but also because otherwise it would have been impossible for them to have condemned the judgment of the district court given for the defendant, so far as it related to the motion in arrest of judgment.
I consider the effect of the statute, after a verdict, to be to incorporate into the declaration all dates, sums, &c. contained in the writ, and mistaken, or omitted in the declaration. If it be said, that a construction, curing this omission of damages in i the declaration, goes further than the English decisions on this subject, I answer, (without stopping to enquire whether this be the case or not,) 1. That the general scope of our act seems entirely to justify it. 2. That our act is much stronger, upon the subject in question, than the English statute of the 21st of James I ch. 13, (from which it seems to have been taken,) in the point stated by me in the case of Stephens v. White.
There is no doubt, that a judgment given for more damages than are stated in the declaration, (or in the writ when there is a verdict,) is erroneous: and we are now called on, after reversing the judgment in question, to say what judgment the district court ought to have given, instead of the one they did give? Some strong passages in Bacon’s Abridgment, induced me to enquire, whether the court could not, (without any act of the plaintiff in moving to enter a remittitur,) give judgment to the amount stated in the declaration, having no respect for the residue. But the cases referred to in support of this position, do not seem to warrant it.
If then, the court had not this power, what judgment ought it to have rendered?
This verdict for double the sum stated in the proceedings which were before the jury, and double the measure of *that injury which the plaintiff (the best judge in this case) has himself alleged to have been sustained, could only have been rendered on the ground of a mistake of the law, in this point, by the jury at the trial: or of partiality towards the plaintiff; of which this enormous verdict is an evidence. Eor any of those causes, a new trial is the proper remedy. Although new trials are generally granted on the motion of the party injured, yet where, (as in this case,) it is evident, that no such motion would be made, yet an improper verdict has been rendered, the court ought not to have received and entered judgment on such verdict. No such motion would have been made by the defendant in this instance; because a better course was open to him in the certain prospect of reversing the judgment; which, at most, would only, in the end, after putting the plaintiff to costs, give rise to a new trial. The right of the court to grant new trials, even in actions of tort, on account of excessive damages, has latterly been conceded, notwithstanding some old cases to the contrary: But it is presumed, that at no period would this power have been denied, where the damages assessed and complained of, exceeded the sum laid in the declaration. I am of opinion, that the judgment should be reversed; and a new trial awarded.
EBEMING, Judge.
The plaintiff cannot recover more damages than he lays in his declaration; but, as that may be amended by the writ, it ought to be considered as done: and then the case falls within the general rule. I concur, therefore, that the judgment should be reversed, and a new trial awarded.
BYONS, President.
As the jury found more damages than were laid in the writ, which should be considered as part of the declaration, a new trial ought to have been *1092 awarded. The judgment is, therefore, to be reversed; and the following entered instead of it:
*“The court is of opinion that the said judgment is erroneous in this, That the jury having, by their verdict given in this cause, found for the said William one thousand dollars damages, and the damages laid in the writ being only five hundred dollars, with which sum the blank left for damages in the declaration, is considered as filled up and amended, the verdict ought to have been set aside, and a new trial awarded, as the said William did not release the excess during the term of that court. Therefore it is considered, that the said judgment be reversed and annulled, and that the appellant recover against the appellee his costs by him expended in the prosecution of his writ aforesaid here: and it is ordered that the jurors’ verdict be set aside, and that a new trial be had in the cause.”